FILED
97 OCT -8 AM 7:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

ARCHIE R. TURNER, )
    Plaintiff(s); )
)
-vs.- ) No. CV-97-P-1469-S
)
SUNGARD BUSINESS SYSTEMS INC., )
    Defendant(s). )

ENTERED

## Opinion

OCT 0 8 1997

Defendant Sungard Business Systems Inc.'s ("Sungard") motion for summary judgment was considered at this court's August 29, 1997 motion docket. For the reasons stated below, Defendant's motion for summary judgment is due to be GRANTED.

### Statement of Facts[1]

Plaintiff Archie Turner ("Turner"), an African-American male, was hired by Sungard in 1989 as a machine operator at Sungard's Birmingham, Alabama location. In September 1991 and July 1992, Turner received written reprimands for insubordination to a supervisor. In April 1993, Turner filed a race discrimination charge against Sungard with the EEOC. On September 10, 1994, Turner was reprimanded for refusing to accept jobs in the order in which they were set up by a supervisor, and on September 13, 1993, Turner was reprimanded for sleeping on the job for three hours. In July 1994, Turner was reprimanded for improperly combining jobs and for refusing to return the jobs to the assignment cart when requested to do so by a supervisor. On November 3, 1994, Turner was reprimanded for failing to notify management prior to the start

---

1. The recitation of "facts" is based upon the presented materials viewed in the light most favorable to the plaintiff.

of his 7:45 a.m. shift that he would not be reporting to work.

In November 1994, Turner was denied the opportunity to apply for the position of Supervisor/Third Shift. On November 17, 1994, the promotion was awarded to another African-America machine operator, Earnest Robinson.

In December 1994, Turner filed a retaliation charge with the EEOC, claiming that Sungard denied him the opportunity to apply for the supervisory position because he had filed an earlier charge against Sungard with the EEOC. After the EEOC issued a right-to-sue letter, Turner filed this lawsuit, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1866, 42 U.S.C. § 1981.

### Analysis

Turner alleges that Sungard's refusal to consider him for promotion to the position of Supervisor/Third Shift constitutes improper discrimination on the basis of race, as contemplated by Title VII and section 1981.

In an employment discrimination case, the plaintiff bears the ultimate burden of persuading the trier of fact that he has been the victim of illegal racial discrimination. *See, e.g., Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). The plaintiff can satisfy this burden by producing either direct or circumstantial evidence of intentional discrimination on the employer's part. *Green v. School Bd. of Hillsborough County*, 25 F.3d 974, 978 (11th Cir. 1994). Where a plaintiff does not offer any direct evidence of discrimination, but rather relies upon circumstantial evidence only, the court applies the burden-shifting approach established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the *McDonnell Douglas* approach, a plaintiff must first establish a *prima facie* case of

discrimination. *Combs v. Plantation Patterns*, 106 F.3d 1519, 1527-28 (11th Cir. 1997).

To set forth a *prima facie* case of race discrimination, a plaintiff must show 1) that he was a member of a protected class, 2) that he was qualified for the position that he sought, 3) that adverse employment action was taken against him, and 4) that the position was awarded to someone who was not a member of a protected class. *St. Mary's Honor Center v. Hicks*, 113 S. Ct. 2742, 2747 (1993).

Although the court notes some merit in Sungard's claim that its many reprimands of Turner prove that Turner was not qualified to be considered for a supervisory position, the court finds it unnecessary to decide that issue conclusively, since Turner's inability to prove the fourth element of the *St. Mary's* test is undisputed. According to affidavits submitted by Sungard in support of its motion for summary judgment, the position of Supervisor/Third Shift was awarded to Earnest Robinson, another African-American male. Although Turner's complaint alleges that the promotion at issue was given to a white employee, Turner has failed to provide any foundation for this allegation or to refute Sungard's affidavits. Because Turner has thus failed to establish a *prima facie* case of racial discrimination, Sungard's motion for summary judgment is due to be granted.

Dated: Oct. 7, 1997

                                                    Chief Judge Sam C. Pointer, Jr.

Service List:
    Ms. Fern H. Singer
    Mr. Archie R. Turner